## HEIRS OF SAMUEL GARLAND, DECEASED, *v.* CHOCTAW NATION.

## PITCHLYNN ET AL., HEIRS-AT-LAW, *v.* CHOCTAW NATION.

### APPEALS FROM THE COURT OF CLAIMS.

Nos. 42, 43.   Argued December 1, 2, 1926.—Decided January 3, 1927.

1. Upon a reference to determine a claim for services on a *quantum meruit* basis, when the Court of Claims finds the amounts already paid the claimant, and dismisses his petition, or renders judgment for an additional sum, this is a determination that he was not entitled to more, although there is no definite finding of the value of the services. P. 730.

2. In determining the value of services rendered the Choctaw Nation, the Court of Claims was not bound by opinions of the Choctaw legislature or executive officers. P. 731.

59 Ct. Cls. 768; *Id.* 796, affirmed.

APPEALS from decisions of the Court of Claims on claims for services against the Choctaw Nation, referred to that Court by Acts of Congress. See *Garland's Heirs* v. *Choctaw Nation,* 256 U. S. 439.

*Mr. Harry Peyton* for appellants, in No. 42.

*Messrs. Harry Peyton* and *Thomas P. Gore* for appellants, in No. 43.

*Assistant Attorney General Galloway,* with whom *Solicitor General Mitchell,* and *Messrs. George T. Stormont,* and *Hampton Tucker* were on the brief, for appellee, in Nos. 42 and 43.

MR. JUSTICE MCREYNOLDS delivered the opinion of the Court.

These causes, although heard separately and upon different records, may be disposed of conveniently by one opinion.

Samuel Garland, Peter P. Pitchlynn and two others were appointed delegates of the Choctaw Nation under an Act of the Legislative Assembly approved November 9, 1853, and charged with the duty of pressing to settlement a claim against the United States for ceded lands. They performed valuable services and each of them received therefor considerable sums of money. Their heirs sought large additional payments. Finally Congress referred the matter to the Court of Claims. The Act of June 21, 1906, c. 3504, 34 Stat. 325, 345, provides—

"That the Court of Claims is hereby authorized and directed to hear and adjudicate the claims against the Choctaw Nation of the heirs of Peter P. Pitchlynn, deceased, and to render judgment thereon in such amounts, if any, as may appear to be equitably due. Said judgment, if any, in favor of the heirs of Pitchlynn, shall be paid out of any funds in the Treasury of the United States belonging to the Choctaw Nation, said judgment to be rendered on the principle of *quantum meruit* for services rendered and expenses incurred. Notice of said suit shall be served on the governor of the Choctaw Nation, and the Attorney-General of the United States shall appear and defend in said suit on behalf of said nation." A like Act, approved May 29, 1908, c. 216, 35 Stat. 444, 445, directed adjudication of the claim of Samuel Garland, deceased.

Garland's heirs brought suit in the Court of Claims September 3, 1908. It held against them upon the theory that the delegation which represented the Choctaw Nation should be treated as a unit and as such had been fully

paid for the entire service. Upon appeal, this Court reversed the judgment and sent the cause back, after saying—" The contention under the facts disclosed in the petition is technical. The petition showed services rendered and, if the petition be true, valuable services—and for them there should have been recovery if the Nation was liable, and we think it was. How much we do not say nor did the Court of Claims consider, it being of opinion that the Nation was not liable for anything. Upon the return of the case it may determine the amount due Garland, if anything, dependent upon what his services contributed in securing the congressional appropriation." *Garland's Heirs* v. *Choctaw Nation,* 256 U. S. 439, 445.

Much evidence has been presented in both causes and there are elaborate findings. The court held the heirs of Garland—No. 42—were not entitled to recover anything, and dismissed their petition. It rendered judgment for $3,113.92 in favor of Pitchlynn's heirs—No. 43. The causes are here by appeals allowed, respectively, January 19 and February 2, 1925.

In neither cause did the Court of Claims definitely find the value of the services rendered by the delegate, but it ascertained and stated the sums received by each of them. By dismissing the petition of Garland's heirs, it adjudged, in effect, that he had received full compensation; and the judgment in favor of Pitchlynn's heirs for $3,113.92 determined that the amount theretofore received plus such recovery would amount to full compensation for his services.

We think the findings of fact sufficient to permit us to dispose of the causes, and accordingly deny the motion to remand.

The enabling Acts very clearly provide for recoveries upon the principle of *quantum meruit* for services rendered and expenses incurred. The Court of Claims was not

bound to accept opinions of the legislature or executive officers of the Choctaw Nation; its duty was to determine for itself what the services were worth. After consideration of the evidence it reached the above-stated conclusions, and we find no adequate reason for overturning the result.

The judgments below are

*Affirmed.*